## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO.:

ALLEN MOODY,

     Plaintiff,

v.

FREELAND MOORE, INC. d/b/a HARBOR NISSAN, a Florida corporation,
And CHRISTOPHER G. FREELAND, an individual

     Defendants.

_____/

### COMPLAINT

Plaintiff, ALLEN MOODY (hereinafter, "MOODY" or Plaintiff), by and through his undersigned attorney, hereby files this Complaint against FREELAND MOORE, INC. d/b/a HARBOR NISSAN ("HARBOR NISSAN") and CHRISTOPHER G. FREELAND ("FREELAND") and says:

### JURISDICTION AND VENUE

1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), Florida Statute § 448.110 (the Florida Minimum Wage Act, hereinafter the "FMWA").

2.    This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Middle District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Middle District of Florida; because the acts that give rise to Plaintiff's

1

claims occurred within the Middle District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4.     All conditions precedent to this action have been performed or waived.

5.     Plaintiff sent a letter of demand to Defendants on August 22, 2018 which put Defendants on notice of his intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

**PARTIES**

6.     Plaintiff is a citizen and resident of the Middle District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Sales Associate. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

7.     Defendant HARBOR NISSAN is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Charlotte County, Florida. Defendant HARBOR NISSAN has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8.     Defendant FREELAND owned and operated HARBOR NISSAN at all times material hereto and, upon information and belief, is a resident of Charlotte County, Florida. The Florida Department of State Division of Corporations lists FREELAND as President of HARBOR NISSAN.

9.     Defendant FREELAND had operational control of significant aspects of HARBOR NISSAN's day to day functions, including employment practices and compensation of employees.

10.     Defendant FREELAND also had the power to hire and fire employees of HARBOR NISSAN, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant FREELAND also had the power to stop any illegal pay practices that harmed Plaintiff.

11.     Defendant FREELAND acted and acts directly in the interests of HARBOR NISSAN in relation to its employees and, thus, Defendant FREELAND was and is an employer within the meaning of Section 3(d) of the FLSA.

12.     At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.     At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14.     Defendant HARBOR NISSAN, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15.     Plaintiff was an employee covered by the FLSA in that he was employed by Defendants as a Sales Associate. He is therefore an "employee" under 29 U.S.C. § 203(e).

### GENERAL ALLEGATIONS

16.     Plaintiff started working for Defendants on April 9, 2018 and separated from employment effective on June 1, 2018.

17.     Plaintiff was to be paid by commissions and bonuses.

18.     Plaintiff worked for approximately fifty (50) hours per week during the course of his employment with Defendants.

19.     Plaintiff was promised a draw of $500.00 each week, which would later be subtracted from commissions.

20.     During the course of Plaintiff's employment, he did not receive draw for one specific week.

21.     For the pay period from April 30, 2018 through May 13, 2018, $500.00 was deducted from Plaintiff's pay and was disguised as an Advance on Bonus for May 2018.

22.     Plaintiff did not receive bonuses as promised.

23.     For multiple two-week pay periods, Defendants paid Plaintiff less than minimum wage, in violation of minimum wage laws.

24.     Plaintiff is entitled to damages as set forth above; and is further entitled to his reasonable attorney's fees pursuant to Florida Statute §448.08 as the damages asserted are wages due Plaintiff.

## COUNT I: VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

25. Plaintiff re-alleges and re-avers paragraphs 1–24, as fully set forth herein.

26. Plaintiff is an employee as defined by the FLSA because the Defendants controlled when MOODY worked, all cash flow, the amount charged to each client, the customer distribution, the way MOODY performed his services, and virtually every other aspect of the business.

27. During the course of Plaintiff's employment with Defendants, Plaintiff worked for approximately fifty (50) hours per week.

4

28. Defendants paid Plaintiff straight time but never overtime. Pursuant to Section 7 of the Act [29 U.S.C. §207] Plaintiff should have been compensated at a rate of one half times his regular rate of pay for every hour over forty which he worked in any given workweek. Defendants' failure to pay Plaintiff overtime over the course of his employment is a willful violation.

29. Defendants' failure to provide required compensation for all hours worked by Plaintiff is a willful violation within the meaning of the FLSA (29 U.S.C. §255(a)).

30. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff was not made in good faith within the meaning of the FLSA (29 U.S.C. §260).

31. As a result of the Defendants' violations of the FLSA, Plaintiff MOODY has incurred economic harm and loss.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

a.  Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

b.  Interest on the amount found due;

c.  Liquidated damages pursuant to 29 U.S.C. § 260;

d.  Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e.  Such other relief as the Court deems just and proper.

## COUNT II: VIOLATION OF FMWA / UNPAID WAGES (AGAINST ALL DEFENDANTS)

32.    Plaintiff re-alleges and re-avers paragraphs 1-24 as fully set forth herein.

33.     On August 22, 2018, Plaintiff sent a Demand to Defendants for his unpaid wages, pursuant to Fla. Stat. §448.110 (6) (a).

34.     Plaintiff was to be paid a draw of $500.00 each week, which would later be subtracted from commissions.

35.     Defendants promised to pay Plaintiff general bonuses predicated upon vehicles sold and a sign-on bonus.

36.     Defendants improperly withheld draws from Plaintiff on two occasions.

37.     Defendants did not pay Plaintiff any bonuses as promised.

38.     As a result of Defendant's willful violation of FMWA, Plaintiff reasonably estimates that he is owed $3,900.00 as a base amount.

WHEREFORE, Plaintiff requests judgment for:

    a.   Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

    b.   Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

    c.   Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    d.   Such other relief as the Court deems just and proper.

## COUNT III: VIOLATION OF FMWA / MINIMUM WAGE

39. Plaintiff re-alleges and re-avers paragraphs 1-24 as fully set forth herein.

40. On August 22, 2018, Plaintiff sent a Demand to Defendants for his unpaid wages, pursuant to Fla. Stat. §448.110 (6) (a).

41. During the course of Plaintiff's employment with Defendants, Plaintiff worked for approximately fifty (50) hours per week.

42. Plaintiff was paid less than minimum wage as Defendants improperly withheld draws from Plaintiff on multiple occasions and failed to pay him bonuses as promised.

43. For the pay period from April 30, 2018 through May 13, Plaintiff's gross pay was only $500.00 for roughly 100 hours worked.

44. As a result of Defendant's willful violation of FMWA, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, Plaintiff requests judgment for:

    a.   Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid;

    b.   Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

    c.   Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    d.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ALLEN MOODY, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: November 2, 2018.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       Chuck@icelawfirm.com